**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RODOLFO RODRIGUEZ, et al.
Plaintiffs,
v.
U.S. HOMELAND SECURITY, et al.,
Defendants.

Case No.: 3:25-cv-00950-RBM-DEB

**ORDER:**

**(1) DISMISSING CASE WITHOUT PREJUDICE**

**(2) DENYING AS MOOT REQUEST FOR APPOINTMENT OF COUNSEL [Doc. 6]**

**(3) DENYING AS MOOT MOTION TO SHOW CAUSE [Doc. 7]**

On April 21, 2025, Plaintiffs Rodolfo Rodriguez Jr., Sandra Hemos, and Sophia Hemos ("Plaintiffs") filed a Complaint naming as Defendants "U.S. Department Homeland Security Zane Crager, Michelle L.N.U., Placer County Sheriffs, Clover City P.D. (L.A. County) and Rockland P.D." (collectively "Defendants"). (Doc. 1 at 1.) A summons was issued the same day. (Doc. 2.)

As the Court explained in a February 11, 2026 Order to Show Cause, the allegations of the Complaint are somewhat unclear, but it appears that most of the events described did not occur in this District and that the Defendants were primarily located in or resided

in other judicial districts. (Doc. 5 at 1–2 (citing Doc. 1 and 28 U.S.C. § 84 (identifying counties comprising the four judicial districts in California)).)[1] The Court also explained that "Plaintiffs ha[d] not filed a proof of service demonstrating any Defendants ha[d] been properly or timely served." (Doc. 5 at 2.)

The Court's February 11, 2026 Order to Show Cause required Plaintiffs to show cause in writing by March 11, 2026: "(1) why this matter should not be dismissed for failure to serve within 90 days after the Complaint was filed and (2) why this matter should not be dismissed for improper venue." (Doc. 5 at 3.) Additionally, the Court "**cautioned that failure to timely respond to this Order and show good cause for having failed to serve within 90 days of the filing of the Complaint or how venue is proper in this District will result in dismissal of this case.**" (Doc. 5 at 3 (emphasis in original).)

Plaintiffs did not file any written response to the OSC by the March 11, 2026 deadline. However, on May 29, 2026, Plaintiff Rodriguez filed a Request for Appointment of Counsel form (Doc. 6) and a "Motion to Show Cause" (Doc. 7). The Request for Appointment of Counsel is a form used for employment discrimination cases but indicates Plaintiff Rodriquez has unsuccessfully attempted to find counsel and that he is financially unable to afford counsel. (Doc. 6.) The Motion to Show Cause asserts that the public or individuals have "we[a]pon[i]z[ed] '911'" by "fil[ing] a missing persons report" and this has led law enforcement officers in Sacramento, California to harass Plaintiffs. (*Id.* at 2.) Plaintiff Rodriguez also asserts that "the complexity of this case [is] show[n] where [an] attorney refuses to help clean the '911' system to stop the we[a]ponizing of law enforcement" and that this case "will help put an 'act in Congress.'" (*Id.*)

Plaintiff Rodriguez's Motion to Show Cause does not address service of the Complaint or improper venue. As the Court explained in the Order to Show Cause, "'[i]f

[1] The Court notes that Placer County is located in the Eastern District of California and that Los Angeles County is within the Western Division of the Central District of California. See 28 U.S.C. § 84(b) (Eastern District), § 84(c)(2) (Western Division of the Central District of California).

a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (Doc. 5 at 2 (quoting Fed. R. Civ. P. 4(m) and citing S.D. Cal. Civ. R. 4.1(a)).) Plaintiff has not indicated that Defendants have been served, explained any basis for a delay in service, or otherwise addressed service.

Additionally, Plaintiffs fail to address improper venue in any respect. As the Court explained in the Order to Show Cause, "it appears that most of the events described did not occur in this District and Defendants are primarily located in or reside in other judicial districts." (*Id.* at 1 (citing Doc. 1.) The Court also notes that the address of record for Plaintiffs is in Texas, suggesting Plaintiffs do not reside in this District. If a case is filed "in the wrong … district," a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court declines to transfer the case to a district where it could have been brought because Plaintiff has failed to address venue in any respect and it is unclear this case could have been brought in any district.

Because Plaintiffs have not shown why this case should not be dismissed for improper venue or why it should not be dismissed for lack of timely service, this case is **DISMISSED without prejudice** pursuant to Rule 4(m) for failure to timely serve and for improper venue.

Given the dismissal of the case, Plaintiff Rodriguez's Request for Appointment of Counsel (Doc. 6) and Motion to Show Cause (Doc. 7) are **DENIED as moot**. The Clerk shall close the case.

**IT IS SO ORDERED**.

DATE: October 19, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE